

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/20/2011

| | |
|---|---|
| IN RE: § | |
| MICHAEL WALTER FAUSER; aka MWF § | Case No. 10-31501 |
| INVESTORS, *et al*, § | |
| Debtor(s). § | |
| § | Chapter 7 |
| § | |
| MICHAEL WALTER FAUSER, *et al*, § | |
| Plaintiff(s) § | |
| § | |
| VS. § | Adversary No. 11-03298 |
| § | |
| PROPERTY OWNERS ASSOCIATION OF § | |
| CANYON VILLAGE AT CYPRESS § | |
| SPRINGS, *et al*, § | |
| Defendant(s). § | Judge Isgur |

### MEMORANDUM OPINION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This adversary proceeding concerns whether:

- annual property assessments on a condominium are excepted from discharge under § 523(a)(16).

- actions taken to collect the annual property assessments violated the automatic stay or the discharge injunction.

For the reasons set forth below, the Court holds:

- the Fausers' personal liability for prepetition assessments is discharged.

- The Fausers' personal liability for 2011 postpetition assessments is excepted from discharge by § 523(a)(16).

- Attempts to collect the prepetition assessments from the Fausers were a willful violation of the automatic stay and discharge provisions of the Bankruptcy Code.

Factual Background

Michael and Tamara Fauser filed for Chapter 7 bankruptcy on February 25, 2010. The Fausers owned two properties in Cypress, Texas: 7523 Cypress Edge Drive ("Edge Property")

1 / 11

and 20530 Cypress Gully Drive ("Gully Property").  The Fausers, as owners of the two properties, paid "annual assessments"[1] to Defendant Property Owners Association ("POA").[2] Defendant VanMor Properties, Inc. contacted the Fausers on behalf of POA regarding assessments owed for the two properties.  POA and VanMor later sent the debts to Hoover Slovacek for collection.

Less than a month after the Fausers filed bankruptcy, VanMor sent a letter to the Fausers demanding payment.  Mr. Fauser telephoned VanMor shortly thereafter and advised it of the bankruptcy filing.  On June 9, 2010, the Fausers received their bankruptcy discharge.  In November 2010, POA assessed the Fausers for the 2011 homeowner's fees on both properties. VanMor sent the Fausers a letter seeking payment of the 2011 fees as well as the outstanding 2010 fees.[3]  Later, VanMor and POA sent the debts to Hoover Slovacek to collect them from the Fausers.  (ECF Doc. 13 at 6, Doc. 14 at 6).  Hoover Slovacek sent the Fausers two letters on April 29, 2011, referencing prepetition and postpetition amounts owed on each of the properties.

The Fausers' Motion for Summary Judgment requests the following relief: (1) declaratory judgment that the prepetition homeowner's dues were discharged; (2) declaratory

---

[1] Notices of amounts to become due were usually sent in November for assessments for the following year. The amounts are due on January 1. The assessments are referred to by the various parties as "homeowners' dues" and "homeowner's association dues." For purposes of this opinion, these terms are synonymous.

[2] The deeds to the Fausers acknowledged the conveyances were subject to any and all validly existing restrictions/covenants or subject to mandatory homeowner's assessments. (ECF Doc. 21-1 at 77, 79). VanMor and POA submitted as evidence a copy of the Declaration of Covenants, Conditions and Restrictions of Canyon Village at Cypress Springs ("Declaration") which states that "Each Lot in the Property is hereby subjected to the Assessments as set out in this Article V, and each Owner of any Lot by acceptance of a deed therefore whether or not it shall be so expressed in such deed, is deemed to Covenant and agree to pay to the Association the Assessments." (*Id.* at 38). The Declaration was filed with the Harris County clerk on September 25, 2003, (*Id.* at 66), and was therefore on file when the Fausers purchased the properties and recorded the deeds. (*Id.* at 67-80). The Fausers took the property subject to the Declaration. The Texas Property Code allows an association to make such assessments and declares these assessments personal obligations of a unit's owners. TEX. PROP. CODE §§ 82.112, 82.113.

[3] VanMor and POA "den[y] that [the letter] sent was a notice demanding payment or that it demanded any payment." (ECF Doc. 21 at 7).  As will be addressed later, there is no factual basis for this assertion.

judgment that the postpetition homeowner's dues are not a valid debt; (3) judgment against POA and VanMor for willful violation of the automatic stay; (4) judgment against all Defendants for violation of the discharge injunction; and (5) legal fees and costs.  (ECF Doc. 19 at 2).[4]

Hoover Slovacek, LLP's Cross-Motion for Summary Judgment requests: (1) the Court deny the Fausers' Motion for Summary Judgment with prejudice; (2) declaratory judgment that it did not violate the discharge injunction; (3) declaratory judgment that the 2011 postpetition homeowner's dues were not discharged, and (4) legal fees and costs.

Vanmor and POA submitted a joint Cross-Motion for Summary Judgment requesting: (1) declaratory judgment that the prepetition assessments were not discharged;[5] (2) declaratory judgment that VanMor and POA did not violate the discharge injunction in trying to collect the prepetition assessments; (3) declaratory judgment that the postpetition 2011 fees are valid debts owed by the Fausers; and (4) legal fees and costs.  (ECF Doc. 21 at 12).

The three Motions are granted in part and denied in part.

## Analysis

Prepetition Assessments

The Fausers are no longer personally liable for the prepetition assessments. The Fausers received their discharge on June 9, 2010.  (Case No. 10-31501, ECF Doc. 57).  No party argues an applicable exception from discharge of the Fauser's personal liability for the prepetition assessments.

---

[4] The Motion for Summary Judgment did not actually mention legal fees and costs, but the Fausers did request them in their complaint. (ECF Doc 1-1 at 11).

[5] From the context of their Motion, it appears VanMor and POA agree the Fausers are no longer personally liable for the prepetition homeowner's fees.  Hoover Slovacek explicitly stated it agrees the Fausers are not personally liable for these amounts. (ECF Doc. 20 at 9).  The Court will interpret VanMor and POA's request for a declaratory judgment that the prepetition assessments were not discharged as a request that the debt continues *in rem* against the properties.  Determining whether VanMor and POA's liens continue *in rem* is not necessary for this opinion and therefore the Court will not decide this issue.

Postpetition Assessments

The Fausers remain personally liable for the 2011 assessments. The Fausers' § 727 discharge generally discharges their personal liability on prepetition claims. Section 523 of the Bankruptcy Code establishes exceptions from the general discharge granted under § 727. Put simply, § 523 does not create personal liability, but it does except from discharge liability that would otherwise be discharged by § 727. Because § 523(a)(16) explicitly excepts the 2011 assessments from discharge, the Fausers remain personally liable on that debt.

When the Fausers purchased the properties, they took the properties subject to a recorded instrument requiring them to pay yearly assessments as long as they remained the "Owner(s)" of the properties. (*See supra* note 2). The Declaration provides that "'Owner(s)' shall mean and refer to the record owner, whether one or more persons or entities, of a fee simple title to any Lot or parcel of land which is a part of the Property . . . ." (ECF Doc. 21-1 at 9). The Court interprets the phrase "record owner" to mean an individual who would be determined to be the owner from a review of the applicable real property records maintained by the County Clerk. The uncontroverted evidence indicates Mr. Fauser remains a record owner on both properties while Mrs. Fauser is a record owner of the Edge Property. (ECF Doc. 21 at 5-6, 21-1). Therefore, liability arises under the Declaration, with Ms. Fauser's liability being only on the Edge Property.

As this is a prepetition liability,[6] the Fausers's bankruptcy discharge would normally render them no longer personally liable on such a debt. Here, however, § 523(a)(16) excepts

---

[6] There is a split of authority regarding whether homeowners' yearly assessments for postpetition years are postpetition or prepetition liabilities. The Court finds all yearly assessments, even those for years after the filing of a bankruptcy petition, are prepetition liabilities relating back to the date of the contract. See 11 U.S.C. § 101(5).

from discharge assessments that meet certain criteria. The parties disagree on the applicability of the subsection.

Hoover Slovacek, VanMor, and POA are correct that § 523(a)(16) excepts the 2011 assessments from discharge. The Court reaches this conclusion after carefully evaluating the language of § 523(a)(16). The § 523(a)(16) exception applies to:

> . . . a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot . . . .

11 U.S.C. § 523(a)(16).

At first reading, § 523(a)(16) appears inapplicable to our situation: Section 541 divested the Fausers of all legal and equitable interest in the properties. Therefore, the 2011 assessments would not appear to be "with respect to the debtor's interest" in the unit. When viewed in context, however, the phrase "with respect to the debtor's interest" refers to that interest which a debtor held immediately prior to the creation of the estate under § 541. The statute specifies which assessments will be excepted from discharge: postpetition assessments that become due and payable "for so long as the debtor *or the trustee* has a legal, equitable, or possessory ownership interest" in the property. 11 U.S.C. § 523(a)(16). The phrase "or the trustee" would not make sense if "with respect to the debtor's interest" were interpreted to exclude a debtor's interest merely because it was transferred to the trustee. The use of "or" indicates certain assessments are excepted from discharge even while only the trustee retains an interest in the property. Therefore, "with respect to the debtor's interest" cannot be interpreted to require a debtor to retain an interest in the property in order for a debt to be excepted from discharge.

Section 523(a)(16) excepts from discharge those assessments (1) that become due and payable after the order for relief; (2) which relate to property in which the Fausers had an interest upon filing for bankruptcy; (3) for which the Fausers would be liable outside of bankruptcy; and (4) as long as either the Fausers or the trustee have a legal, equitable, or possessory ownership interest in the properties. The 2011 assessments became due and payable on January 1, 2011—after the order for relief. The fees relate to properties in which the Fausers had an interest when they filed for bankruptcy. Outside of bankruptcy the Fausers would be liable for these assessments as the record owners of the property. Finally, on January 1, 2011, the Trustee still had a legal, equitable, or possessory ownership interest in the properties.[7] Therefore, the 2011 assessments are excepted from discharge and the Fausers remain personally liable for them.

Automatic Stay Violation

Section 362(a) of the Bankruptcy Code prohibits creditors from actions seeking to recover claims against a debtor that arose before the commencement of the bankruptcy case. 11 U.S.C. § 362(a). The Fausers are correct that "a willful violation does not require a specific intent to violate the automatic stay . . . [and] [w]hether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded." *Campbell v. Countrywide Home Loans*, 545 F.3d 348, 355 (5th Cir. 2008) (quoting *In re Chestnut*, 422 F.3d 298, 302 (5th Cir. 2005)). To prove a willful violation of the automatic stay, the Fausers need only establish: (1) VanMor and POA knew of the bankruptcy case; (2) VanMor and POA's actions were willful; and (3) the actions violated the automatic stay.

---

[7] Only on July 28, 2011, did the Trustee notify the Court of his intent to abandon the properties. (Case No. 10-31501, ECF Doc. 67).

There is no genuine issue of material fact that VanMor and POA's actions willfully violated the automatic stay. VanMor and POA admit that VanMor, on behalf of POA, sent Mr. Fauser a letter on March 23, 2010 (one month after the bankruptcy filing), demanding payment for prepetition dues owed on one of the properties. (ECF Doc. 13 ¶ 20, Doc. 14 ¶ 20). This violates § 362(a)(6). The letters to the Fausers were intentionally—not accidentally—sent. The conduct was willful.

VanMor and POA acknowledge the Fausers listed POA on their Schedule D. (ECF Doc. 13 ¶ 15, Doc. 14 ¶ 15). Although VanMor and POA deny notice was sent to POA via VanMor, the summary judgment evidence includes the Notice of Chapter 7 Bankruptcy Case sent by the clerk. (ECF Doc. 19-23). The clerk's certificate of services reflects that the notice was sent by the clerk to VanMor. At all relevant times, VanMor was POA's agent. VanMor and POA had notice of the bankruptcy and their actions following receipt of the notice were willful. They each violated the automatic stay.

Discharge Injunction Violation of November 10, 2010

Section 524 states that "[a] discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2).

On November 10, 2010, VanMor sent a letter to the Fausers regarding upcoming 2011 fees and outstanding 2010 fees.

There is no genuine issue of material fact the November 10, 2010 letter is a violation of the discharge injunction. Instead of recognizing and admitting their mistake, VanMor and POA submitted meritless legal arguments and factual allegations lacking in evidentiary support. The

Court will address them, however, because it will be a factor in the Court's overall decision as to the level of damages required to deter such future violations.

VanMor and POA deny the letter was a notice demanding payment from the Fausers. (ECF Doc. Doc 13 at 6, 4 at 6). There is no support for such a denial. The letter is addressed to Mr. Fauser. (ECF Doc. 19-18). It gives Mr. Fauser a new balance and asks him to "Please Pay This Amount." (*Id.*). To make sure he knows to whom to send payment, the letter advises him to "Make Checks Payable To: Canyon Vill At Cypress Springs." Finally, there is a statement that the notice contained in the letter is sent pursuant to the Fair Debt Collection Practices Act ("FDCPA"). (*Id.*). The FDCPA "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) (quoting *Baker v. G.C. Serv. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982)). The FDCPA defines "consumer" as "any *natural* person." 15 U.S.C. § 1692(a)(3) (emphasis added). A statement that a notice is sent pursuant to the FDCPA is unnecessary—unless trying to collect from a natural person.

VanMor and POA go through lengthy analysis to explain why after bankruptcy they continue to hold liens secured by the properties for unpaid prepetition arrearages. (ECF Doc. 21 at 7-9). VanMor and POA then state: "Defendants could not have violated the discharge if the lienable pre-petition charges were not subject to discharge." (ECF Doc. 21 at 9). This is incorrect. Even if a creditor's liens survive bankruptcy *in rem*, sending a collection letter seeking payment from the discharged debtor is a violation of the discharge injunction. 11 U.S.C. § 524(a). VanMor and POA's lengthy argument that their liens continue *in rem* post-bankruptcy misses the point. Whether or not VanMor and POA actually have the right to pursue legal

remedies *in rem* is immaterial to whether the letter violated the discharge injunction. It only matters whether the letter sought to enforce personal liability—and it did.

Discharge Injunction Violations of April 29, 2011

There is no genuine issue of material fact the two April 29, 2011 letters sent from Hoover Slovacek violate the discharge injunction. VanMor and POA are liable for the discharge injunction violation of their agent, Hoover Slovacek.

Section 524 states that "[a] discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2).

Hoover Slovacek argues the letters are not a violation of the discharge injunction as the letters are not an attempt to collect on a personal obligation of the Fausers. Instead, they argue, it is a letter addressed to the record owner of the property advising that, if outstanding amounts are not paid, POA would pursue its legal remedies—including foreclosure of the property.

The April 29, 2011 letters attempted to collect the debts as personal liabilities. At the time the letters were sent to the Fausers, the Trustee owned all legal and equitable interests in the property held previously by the Fausers. No evidence indicates the Trustee received a similar letter. Any letter pertaining to *in rem* relief would need to have been directed to the trustee. By sending the letters to the Fausers, only personal liability could be enforced; at the time of the letters, only the Trustee's interest in the properties could have been the target of *in rem* relief.

Other key evidence comes from Hoover Slovacek itself. A letter dated May 24, 2011 makes it clear the April 29, 2011 letters were in fact an attempt to collect on a personal obligation. A Hoover Slovacek representative explains to the Fausers's lawyer that "the debtors

are not discharged from any post-petition assessments and the Association is well within its legal rights to collect post-petition assessment from the respective debtor(s)." (ECF Doc. 19-20 at 1). This is a true statement of the law. It also indicates the April 29, 2011 letters were in fact a demand for payment on a personal obligation of the Fausers. Hoover Slovacek later acknowledged the April 29, 2011 letters referenced both prepetition and postpetition assessments. (ECF Doc. 20 at 8). The letters sought payment by the Fausers personally of a discharged debt. The defense that the letters sought only *in rem* relief fails. Hoover Slovacek, as agents of VanMor and POS, violated the postdischarge injunction.

Legal Fees

All parties request awards of legal fees. The Bankruptcy Code, like other federal statutes, is governed by the "American Rule." *In re Nair*. 320 B.R. 119, 125 (Bankr. S.D. Tex. 2004) (citing *Alyeska Pipeline Svc. Co. v. The Wilderness Soc.*, 421 U.S. 240, 261 (1975)).

The Fausers are not entitled to legal fees under § 523(d). That section allows the collection of fees by a debtor when a creditor brings a suit that is not substantially justified with respect to the dischargability of a debt. All parties agree[8] the Fausers are no longer liable for the prepetition assessments. The issue of dischargeability of the post-petition assessments is found against the Fausers. Fees may not be awarded.

Caselaw supports POA's contention that it is entitled to legal fees related to collection of the nondischargeable postpetition assessments. Section 5.2 of the Declaration[9] provides: "All such Assessments as to a particular property, together with interest, late charges, costs and

---

[8] Although not explicitly stated, the Court interprets VanMor and POA's pleadings as not arguing the Fausers are still personally liable for the prepetition assessments.

[9] The Fausers agreed to the contents of the declaration when the deeds were accepted and recorded. (*See supra* note 4). The Texas Property Code provides that ancillary obligations of the assessments, such as legal fees and interest, will also be personal obligations of the unit's owner. TEX. PROP. CODE § 82.112.

reasonable attorney's fees, shall also be the personal obligation of the person who was the Owner of such property at the time when the Assessments fell due." (ECF Doc. 20-3 at 38). The Fifth Circuit has held that "where a party has contracted to pay attorneys' fees for the collection of a nondischargeable debt, the fees also will not be discharged in bankruptcy." *Davidson v. Davidson (In re Davidson)*, 947 F.2d 1294, 1298 (5th Cir. 1991) (attorneys' fees declared nondischargeable as part of § 523(a)(5) domestic support obligation where divorce settlement agreement provided for payment of attorneys' fees) (citing *Jordan v. Southeast Nat'l Bank (In re Jordan)*, 927 F.2d 221, 226-28 (5th Cir. 1991). The Court does not believe the Supreme Court case of *Cohen v. De la Cruz*, 523 U.S. 123 (1998), affects this Fifth Circuit line of cases.[10] POA is entitled to legal fees, costs, and other ancillary obligations related to the nondischargeable postpetition homeowner's dues.

VanMor and Hoover Slovacek have no similar contractual right to legal fees. Their requests are denied.

### Conclusion

The Court will hold an evidentiary hearing to determine the amount of POA's fee award and the amount of damages for the automatic stay and discharge injunction violations on November 3, 2011 at 1:30 pm.

SIGNED **October 20, 2011.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

---

[10] Other bankruptcy courts conclude similarly. *See, e.g.*, *Hanson v. Kelly (In re Kelly)*, 385 B.R. 877 (Bankr. S.D. Tex. 2008).