

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
12/14/2011

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 10-31501** |
| **MICHAEL WALTER FAUSER; aka MWF** | § | **CHAPTER  7** |
| **INVESTORS,** *et al* | § | |
| | § | |
| Debtor(s). | § | **JUDGE ISGUR** |
| | § | |
| | § | |
| **MICHAEL WALTER FAUSER,** *et al* | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | **ADVERSARY NO. 11-03298** |
| | § | |
| **PROPERTY OWNERS ASSOCIATION OF** | § | |
| **CANYON VILLAGE,** *et al* | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

### Introduction

This Memorandum Opinion considers the appropriate amounts of damages to be awarded for the Defendants' automatic stay and discharge injunction violations, as well as the amount of legal fees to be awarded to Property Owners Association of Canyon Village ("POA"). The Court:

- awards the Fausers their actual damages, including legal fees, for the March 2010 automatic stay violation. The Court finds $500.00 plus legal fees in actual damages. The Court awards no punitive damages for this violation.

- awards the Fausers their actual damages, including legal fees, for the November 2010 discharge injunction violation. The Court finds $500.00 plus legal fees in actual damages. The Court awards the Fausers $3,000.00 in punitive damages.

- awards the Fausers their actual damages, including legal fees, for the April 2011 discharge injunction violation. The Court finds $1,500.00 plus legal fees in actual damages. The Court also awards the Fausers $1,500.00 in punitive damages.

- awards POA $6,397.50 in legal fees related to collection of the nondischargeable 2011 postpetition assessments. This award is excepted from discharge.

- awards the Fausers $16,890.00 in legal fees related to the automatic stay and discharge injunction violations. Although the legal fees are listed separately here, they form part of the Fausers' actual damages.

**Factual Background**

Michael and Tamara Fauser filed for Chapter 7 bankruptcy on February 25, 2010. The Fausers owned two properties in Cypress, Texas: 7523 Cypress Edge Drive ("Edge Property") and 20530 Cypress Gully Drive ("Gully Property"). The Fausers, as owners of the two properties, paid "annual assessments"[1] to POA. VanMor contacted the Fausers on behalf of POA regarding assessments owed for the two properties. POA and VanMor later sent the debts to Hoover Slovacek for collection.

In March 2010, less than a month after the Fausers filed bankruptcy, VanMor sent a letter to the Fausers demanding payment. Mr. Fauser telephoned VanMor shortly thereafter and advised it of the bankruptcy filing. On June 9, 2010, the Fausers received their bankruptcy discharge. In November 2010, POA assessed the Fausers for the 2011 homeowner's fees on both properties. VanMor sent the Fausers a letter seeking payment of the 2011 fees as well as the outstanding 2010 fees.[2] Later, VanMor and POA sent the debts to Hoover Slovacek to collect them from the Fausers. Hoover Slovacek sent the Fausers two letters on April 29, 2011, referencing prepetition and postpetition amounts owed on each of the properties.

This Court's October 20, 2011 Memorandum Opinion found: 1) the March 2010 letter was a willful violation of the automatic stay; 2) the November 2010 letter, or "Statement of

---

[1] Notices of amounts to become due were usually sent in November for assessments for the following year. The amounts are due on January 1. The assessments are referred to by the various parties as "homeowners' dues" and "homeowner's association dues." For purposes of this opinion, these terms are synonymous.

[2] VanMor and POA refer to this letter as a "Statement of Account."

Account," was a violation of the discharge injunction; 3) the April 2011 letters were willful violations of the discharge injunction; 4) the Fausers were liable for 2011 postpetition POA assessments and those assessments were excepted from discharge; and 5) the Fausers must pay POA for its legal fees, costs, and other ancillary obligations related to collection of the nondischargeable 2011 postpetition assessments.

This opinion assumes familiarity with the October 20, 2011 Memorandum Opinion and incorporates its contents by reference.

## Analysis

### March 2010 Automatic Stay Violation

An individual injured by a willful violation of the automatic stay shall recover actual damages, including costs and legal fees. 11 U.S.C. § 362(k)(1). The Court finds $500.00 in actual damages other than costs and legal fees.[3] The Court finds Mr. Fauser's testimony that he lost 2-3 days of sleep and had headaches as a result of the stress caused by the violation to be credible. The credible testimony was undisputed, and $500.00 is a reasonable award for these actual damages.

Punitive damages may be awarded in appropriate circumstances. (*Id.*). The violation occurred only a month after the filing of the petition and was not egregious. The Court believed Ms. Vandergrift's testimony that the violation was the result of an oversight and that the procedures have been reworked. No punitive damages will be awarded for this violation.

### November 2010 Discharge Injunction Violation

Courts that find a willful violation of the discharge injunction may award actual damages, punitive damages, and legal fees. *See generally Colliers on Bankruptcy*, ¶ 524.02[2][c] (16th

---

[3] The combined legal fees for all violations will be addressed in a later section.

ed.) (citing cases across jurisdictions so holding).  The Court finds $500.00 in actual damages other than costs and legal fees.  Mr. and Mrs. Fauser both testified that the resulting stress caused them to lose sleep for several days.  Absent other considerations, the Court would award the Fausers more than $500.00 for this violation.  However, some fees referenced in the November 2010 letter were in fact excepted from discharge and remained valid personal obligations of the Fausers.  Not all of the resulting stress, therefore, relates to this discharge injunction violation.  As a result, the Court finds only $500.00 in actual damages other than costs and legal fees.

The Court awards the Fausers $3,000.00 in punitive damages.  The Court finds this amount appropriate under the circumstances.  The Court believed Ms. Vandergrift when she testified on behalf of VanMor that its protocols have been revamped in order to make sure that a similar error will not occur in the future.  Similarly, the Court finds Ms. Vandergrift sincere in her apology to the Fausers.  The Court cannot, however, look solely at the in-court testimony of VanMor's chosen representative, when that testimony was adduced after the Court ruled against VanMor and POA.  Prior to that time, instead of recognizing and admitting to the mistake, VanMor and POA submitted meritless legal arguments and factual allegations lacking in evidentiary support.  This does not reflect the contrition and regret expressed by Ms. Vandergrift.  It reflects nonchalance and disregard, as if these violations and their consequences are so negligible that a meritless defense will suffice if no other can be conceived.  These actions needlessly increased the frustrations and expenses of all parties involved.  In addition, the violation itself occurred months after POA and VanMor received notification of the bankruptcy, giving them ample opportunity to correct their records and prevent this from happening.  Under these exacerbating circumstances, the Court finds a punitive damages award of $3,000.00 appropriate.

**April 2011 Discharge Injunction Violation**

Courts that find a willful violation of the discharge injunction may award actual damages, punitive damages, and legal fees. *See generally Colliers on Bankruptcy*, ¶ 524.02[2][c] (16th ed.) (citing cases across jurisdictions so holding). The Court finds $1,500.00 in actual damages other than costs and legal fees. Mr. and Mrs. Fauser both testified that the resulting stress negatively affected their sleep for quite some time. Both testified the stress manifested itself physically. Mrs. Fauser sought a massage therapist on three occasions as a direct result of the stress. Absent other considerations, the Court would award the Fausers more than $1,500.00 for this violation. However, some fees referenced in the April 2011 letters were actually excepted from discharge. Not all of the Fausers' resulting stress, therefore, relates to this discharge injunction violation. As a result the Court finds only $1,500.00 in actual damages other than costs and legal fees.

The Court awards $1,500.00 in punitive damages for this violation. The Court finds this amount appropriate under the circumstances. The Court believed Mr. Judd's testimony that Hoover Slovacek subsequently implemented measures to prevent such violations in the future, including having a bankruptcy notice create a file "conflict" in their computer system which would have to be cleared before any further collection actions. Nevertheless, an award of $1,500.00 in punitive damages is appropriate to serve as a deterrent to others.

**The Fausers' Legal Fees**

The Fausers are entitled to legal fees as part of their actual damages. Only legal fees related to the violations will be allowed. The Fausers' attorney, Mr. Probus, testified that all legal fees for the case totaled $32,995.00 plus $785.00 in expenses, or $33,780.00. Mr. Probus's itemized billing statement was not admitted into evidence. Mr. Probus testified that 2/3 of his

time was spent on the automatic stay and discharge injunction violations, while 1/3 was spent on the dischargeability issue.  The Court finds that a 50/50 split is more reasonable given the routine nature of the violations as opposed to the uncommon dischargeability issue.  Therefore, the Court awards the Fausers $16,890.00 in legal fees, or 1/2 of $33,780.00.

**POA's Legal Fees**

As discussed in the Court's previous Memorandum Opinion, POA is entitled to its legal fees related to the nondischargeable postpetition homeowner's dues.  Mr. Ortego, who worked on behalf of POA and VanMor, testified that about $13,500.00 in legal fees were incurred and just over half of this amount related to the dischargeability issue. Mr. Ortego requested an award of legal fees in the amount of $7,000.00.  Again, no itemized billing statements were admitted into evidence.  However, testimony revealed that three hours of Hoover Slovacek's time included in the estimate actually related to a demand letter sent only to the Chapter 7 Trustee. Deducting $705.00[4] from $13,500.00 results in a revised total of $12,795.00.  The Court finds that half of the revised total relates to the dischargeability issue and awards POA $6,397.50 in legal fees.  This amount is excepted from discharge and should be offset against amounts owed to the Fausers.

**Liability of a Principal for Punitive Damages**

Section 362(k)(1) of the Bankruptcy Code states that "an individual injured by any willful violation of [the automatic stay] . . . may recover punitive damages."  11 U.S.C. § 362(k)(1).   The concept of "punitive damages" should be construed as it was understood at the time the statutory language was inserted into the Bankruptcy Code because, by using a term that has accumulated settled meaning under the common law, courts infer that Congress meant to

---

[4] Mr. Ortego testified that Hoover Slovacek billed at $235.00 per hour and that three hours were spent on the letter. This totals $705.00.

incorporate its established meaning.  *See Field v. Mans*, 516 U.S. 59, 70 (1995) (analyzing the term "actual fraud" in the same manner).

Subsection 362(k) was originally subsection 362(h) and was added to the Code as part of the Bankruptcy Act of 1984.  The Restatements may indicate how general common law concepts, such as punitive damages, would have been understood at the time.  *Kolstad v. Amer. Dental Assoc.*, 527 U.S. 526, 542 (1999); *Field v. Mans*, 516 U.S. at 70 (noting that at the time of the Bankruptcy Code's enactment, "the most widely accepted distillation of the common law of torts was the Restatement (Second) of Torts").

As to punitive damages against a principal, the Restatements of Agency and Torts state: "[p]unitive damages can be properly awarded against a master or other principal because of an act by an agent if, but only if: (a) the principal authorized the doing and the manner of the act, or (b) the agent was unfit and the principal was reckless in employing him, or (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or (d) the principal or a managerial agent of the principal ratified or approved the act."  RESTATEMENT (SECOND) OF TORTS § 909 (1976); RESTATEMENT (SECOND) OF AGENCY § 217C (1958). Although the term "punitive damages" appears in the Bankruptcy Code for automatic stay violations, courts have held that punitive damages may also be awarded for discharge injunction violations.  *See generally Colliers on Bankruptcy*, ¶ 524.02[2][c] (16th ed.) (citing cases across jurisdictions so holding).  The rules for liability of a principal for punitive damages should be the same for discharge injunction violations.  *Cf. DiGeronimo v. Weissberg (In re DiGeronimo)*, 354 B.R. 625 (Bankr. E.D.N.Y. 2006) ("Courts which have analyzed whether a violation of the discharge injunction was 'willful' have applied the same 'willfulness' standard applied . . . for violations of the automatic stay) (citing *Hardy v. United States of America (In re Hardy)*, 97 F.3d

1384, 1390 (11th Cir. 1996)).  Accordingly, punitive damages would not ordinarily be assessed against a principal for the conduct of its agent.

The Court awarded punitive damages for both the November 2010 and the April 2011 discharge injunction violations.  For the April 2011 discharge injunction violation, VanMor and POA were the principals of Hoover Slovacek.  There is no evidence indicating that an exception to the general rule of no principal liability for punitive damages is applicable for the April 2011 discharge injunction violation.  Therefore, VanMor and POA are not responsible for the April 2011 punitive damages

For the November 2010 discharge injunction violation, POA was VanMor's principal and is liable for the resulting punitive damages.  At the hearing, no party put forth evidence on this issue.  However, pleadings may be considered as evidence against the party who filed the pleading.  VanMor and POA filed a combined motion for summary judgment.  (ECF Doc. 21).  The motion for summary judgment, which argued that VanMor did nothing wrong by sending the Fausers the November 2010 letters, indicates POA's approval of the wrongful conduct.  Such approval results in liability of the principal.  *See* RESTATEMENT (SECOND) OF TORTS § 909 cmt. b (1976); RESTATEMENT (SECOND) OF AGENCY § 217C cmt. b (1958) ("Mere failure to dismiss a servant, *unaccompanied by conduct indicating approval of the wrongful conduct*, is not a sufficient basis on which to impose punitive damages) (emphasis added).  As addressed earlier, meritless arguments put forth in this motion for summary judgment led the Court to increase the punitive damages award for this violation.  POA, by submitting the combined motion with VanMor, is also liable for this resulting increase in punitive damages.  As a result, POA as the principal is liable for the entire $3,000.00 punitive damages award resulting from the November 2010 discharge injunction violation.

**Allocation of Damages**

The total amount to be awarded to the Fausers is $23,890.00. The Court's previous Memorandum Opinion explained which Defendants were liable for which violations. Liability is joint and several except for punitive damages, as discussed above.

Hoover Slovacek is liable for $9,756.00; $3,000.00 relates to the April 2011 discharge injunction violation and the remaining $6,756.00 represents forty percent of the Fausers' legal fee award. Of Hoover Slovacek's $9,756.00 liability, $8,256.00[5] is joint and several with VanMor and POA.

POA and VanMor are liable for $22,390.00[6]; $14,134.00 is joint and several between VanMor and POA, and the remaining $8,256.00 is joint and several amongst VanMor, POA, and Hoover Slovacek.

The Fausers owe POA $6,397.50 in legal fees. This amount is excepted from discharge and should be set-off against amounts owed by POA to the Fausers.

**Conclusion**

The Court will issue a Judgment in accordance with this Memorandum Opinion.

SIGNED **December 14, 2011.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

---

[5] This amount was arrived at by subtracting $1,500.00 (the amount in punitive damages from the April 2011 violation for which Hoover Slovacek is solely responsible) from $9,756.00 (the total amount of Hoover Slovacek's liability).

[6] POA and VanMor are liable for everything except for the punitive damages awarded against Hoover Slovacek ($1,500.00 from the April 2011 discharge injunction violation). Subtracting $1,500.00 from $23,890.00 results in a total liability of $22,390.00.